IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

v.    Case No. 4:22-CR-00161-01-BRW
          4:24-CV-01128-BRW

LEWIS COONEY

### ORDER

For the reasons set out below, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 70) is DENIED.

### I. BACKGROUND

On March 19, 2024, Defendant pleaded guilty to being a felon in possession of a firearm.[1] On June27, 2024, he was sentenced to 120 months in prison.[2]

The Court of Appeals for the Eighth Circuit affirmed Defendant's conviction and sentence on December 12, 2024.[3] On December 23, 2024, Defendant filed this § 2255 motion, asserting ineffective assistance of counsel.

### II. DISCUSSION

A.  **Ineffective Assistance**

To prevail on a claim of ineffective assistance of counsel, Defendant must first show that his lawyer's performance fell below an objective standard of reasonableness.[4] He must identify

---

[1] Doc. Nos. 47, 48.

[2] Doc. Nos. 57, 58.

[3] Doc. No. 68.

[4] See *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

1

the acts or omissions of counsel that are alleged to have been the result of unreasonable professional judgment.[5]

Then, the Court must determine whether, considering all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.[6] A defendant faces a great burden in that "judicial scrutiny of a counsel's performance is highly deferential" and "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[7]

If a defendant establishes deficient performance by counsel, he still must establish prejudice.[8] This requires a defendant to demonstrate that, but for his counsel's errors, there is a reasonable probability the result of the proceeding would have been different.[9]

So, the test has two parts: (1) deficient performance, and (2) prejudice. If Defendant fails to establish either part of this test, the Court need not consider the remaining part of the test.[10]

Defendant asserts ineffective assistance of counsel based on his lawyer's failure to object to a four-point enhancement he received because the firearm was used in connection with another felony offense. To support his claim, Defendant points out that the felony offense relied on by the Prosecution was dismissed. However, "'[a]nother felony offense' for purposes of subsection (b)(6)(B) means any . . . offense . . . punishable by imprisonment for a term exceeding

---

[5] *Id.* at 690.

[6] *Id.*

[7] *Id.* at 689; *Driscoll v. Delo*, 71 F.3d 701, 706 (8th Cir. 1995).

[8] *Strickland*, 466 U.S. at 694.

[9] *Id.* ("A reasonable probability is a probability sufficient to undermine confidence in the [proceeding's] outcome.").

[10] *Stephen v. Smith*, 963 F.3d 795, 800 (8th Cir. 2020).

one year, regardless of whether a criminal charge was brought, or conviction obtained."[11]  A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim.[12]

Defendant argues that his "counsel's deficient performance . . . deprived [him] of the information that he needed to make an informed decision."[13]  He also claims that his lawyer never reviewed discovery with him or photos of the firearm, which might have shown that the firearm did not have obliterated serial numbers.  These conclusory statements[14] are contradicted by Defendant's comments at both his plea and sentencing where he said he was satisfied with his lawyer and prepared to proceed.[15]  At both hearings, Defendant was advised that he was receiving an enhancement because the firearm had obliterated serial numbers, but he did not object and chose to plead guilty despite this fact.  In fact, Defendant agreed that the firearm had an obliterated serial number after the Prosecution discussed what it could prove at trial.  Defendant has established neither deficient performance nor prejudice.

### B.   Other Claims

Defendant contends that "this particular case does not define if the serial numbers were legible or illegible nor was the naked eye test . . . performed."[16]  First, Defendant's plea agreement stipulated that the firearm had an altered or obliterated serial number.  Second, this issue is not properly pursued in a collateral attack under § 2255.  Finally, even if the change to

---

[11] U.S.S.G. § 2K2.1, comment n.14(C).

[12] *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994) (per curium) (holding that "counsel's failure to advance a meritless argument cannot constitute ineffective assistance").

[13] Doc. No. 71.

[14] *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (conclusory allegations are insufficient to establish ineffective assistance).

[15] Doc. Nos. 62, 63.

[16] Doc. No. 71.

U.S.S.G. § 2K2.1(b)(4) cited by Defendant were retroactive, the enhancement still would apply to his case and his Guidelines range would remain the same.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Doc. No. 70) is DENIED.

IT IS SO ORDERED this 6th of January, 2025.

Billy Roy Wilson  
UNITED STATES DISTRICT JUDGE