FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 27 2025

TAMMY H. DOWNS, CLERK
By: R. Moore
DEP CLERK

RECEIVED
US DISTRICT COURT
2025 JAN 27 A 10:30
TAMMY H DOWNS

UNITED STATES OF AMERICA

V.                Case No. 4:22CR00161 BRW

LEWIS COONEY

## MOTION FOR RECONSIDERATION

Comes Now, Petitioner Lewis Cooney, hereby requesting relief by This Motion for reconsideration. Mr. Cooney, Respectfully request that the Honorable Billy Roy Wilson, appoint him An Attorney. Cooney Asserts that He did not understand his Plea Agreement and that he entered the Plea unknowingly and involuntarily. (See sentencing transcripts) Page 5. lines 9-12... His Attorney stated that Mr. Cooney had A difficult childhood And that he had lack of formal education as listed in the Presentence report. However, His Attorney was very vague. Mr. Cooney Suffers from dyslexia, incognitive disability, and Profound

1

developmental defiencies. However, the attorney never had A evaluation done on Mr. Cooney. The defendant can-not read or write. Mr. Cooney is of now waiting an evaluation by the education department and A Physchological evaluation. Moreover, the Maxium sentence for the Alleged violation to the U.S.C. carries 120 months. Even if Mr. Cooney decided to go to trial. The attorney told Cooney that he will try to give him time served and did not mention nothing of the 120 months to Cooney. The defendant accepted the guilty plea Agreement, but did not know what benefits he will get and did not read the plea agreement because he does not know how to read or write. Cooney contends that his former counsel provided ineffective assistance of counsel by failing to show discovery to him and by failing to "consult, apprise, inform or effectively advise Cooney about the Proceedings by failing to explain and discuss the decision whether to plead guilty or proceed to trial; by failing to explain the charges and the elements needed to be proven and thus, forcing Cooney

to unwillingly, unknowingly, unintegently and involuntarily plead guilty.

The Sixth Amendment establishes the right of the effective assistance of counsel. Strickland v. Washington 466 U.S. 668 686 104 S. ct. 2052, 80 L. Ed 2d. 674 (1984). The lawyer did not explain to the Honorable Judge the dyslexia nor the disabilities the defendant had. The attorney did not show the Photos of the firearm to Mr. Cooney, nor did he have finger Prints taken to see if the defendant's finger Prints were on the fire arm. This meets the first Element of the Strickland. Because counsel's Performance was deficient. This is a serious error by counsel's functioning as counsel guaranteed the defendant by the Sixth Amendment. Id at 687. Certainly the results would have been different if counsel has A finger Print test done on the firearm because Mr. Cooney could have opt. to go to trial. This was deficient Performance prejudiced the defense. Cooney's right to effective assistance of Counsel

3

includes representation during the Plea-bargaining process. Mayfield v. United States, 955 F. 3d 707 712 (8th Cir. 2020 (citing Missouri v. Frye, 566 U.S. 134, 143-47, 132 S.Ct. 1399 182 L. Ed. 2d 379 (2012); Further, will show proof after his Pschological and Educational evaluations the learning, writing, reading and understanding Mental disabilities he he has. The Attorney should have had all these test done before offering A Plea. Knowing that his client had all these dis-orders. Cooney has to rely on other People to read his legal document and explain it to him. This is another U.S. Constitutional concern because the defendant's Due Process was violated. Cooney, asserts that his Attorney should have had him evaluated, Pursuant to the U.S. 5th AMENDMENT.--

Although, the defendant was advised that he was recieving the enhancements at both proceedings he did not comprehend the proceeding or the advise. Because to his understanding he was getting less then 120 months.

4

Furthermore, if the Defendant does not understand the proceedings. Cooney, did not object to recieving an enhancement because it was his understanding objection were to be voiced by his attorney. It is high doubtful considering Cooney's cognitive disabilities/deficiencies that he even understood the definition of the term obliterated serial number.

U.S.S.G. § 2K2.1,

Cooney, argues the New Amendment Pursuant to U.S.S.G. § 2K2.1 comment n. 14(c). Because, he was never afforded the opportunity to see his Rule Discovery or Photos of the firearm to in fact see if the firearm's number were obliterated. This is also a constitutional concern. This violates the Defendants Due Process under the 5th Amendment, and 6th Amendment. This proves the test of two Parts: The attorney's deficient performance for not getting Cooney Evaluated or giving enough information to making a well inform and knowing decision. The second proves prejudice because, Cooney recieved A less

5

Favorable outcome than he likely would have if he proceeded to trial. Meanwhile, the "Plea Bargaining" yielded No advantage to Cooney as he was sentenced to the Maxium.

Furthermore, the New Amendment U.S.S.G. 2K2.1 was not available to Mr. Cooney, the Amendment came out on about November 1, 2024. The defendant's Attorney filed an Anders v. California's Brief therefors the Movant had No attorney at the time, further this Court denied him an attorney to proceed for A direct Appeal and when the Amendment came out the time limitation for the Direct Appeal will be barred for untimely. Further, 28 U.S.C. § 2255 specifically states that defendant may implement any interveniening change of Law. Which is what the New Amendment is. Therefore, Cooney's requesting an evidential hearing and that the naked eye test be performed. To see if the numbers were legible or illegible. Pursuant to U.S.S.G. 2K2.1 And 5th Amendment. This Due Process should be

6

afforded to Mr. Cooney this is A New Rule of Law that should Apply to the defendant. Petitioner's Attorney didn't show Cooney his Discovery. Although, it was stipulated on his Plea agreement that the firearm had an altered or obliterated serial number. Cooney did not understand the Plea agreement. The defendant Respectfully request an evidentiary hearing for fact finding Pursuant to the "Naked eye test". In Coney's case, his bordeline intellectual functioning and neurocognitive deficits will lead him to struggle with carefully and efficietly attending to, and Processing legal information that is presented to him. His excutive functioning deficits will lead him to have occasional difficulties with impulsivity, and make it challenging for him to engage in careful deductive reasoning, focus on multiple details, and effectively shift his attention, all of which are expected to further impede his ability to effectively navigate complex procedural guidelines. Summarily, his low intellectual functioning, relatively low literacy, and significant neurocognitive deficits are

7

Case 4:22-cr-00161-BRW   Document 75   Filed 01/27/25   Page 8 of 11

likely to negatively impact his ability to understand legal information and the legal consequences of his actions, carefully and consistently follow legally required case filings. And make decisions (2023 U.S. Dist. LEXIS 15). With regard to his case with a reasonable degree of rational understanding.
United States of Ninth Cir. 2023 U.S. Dist. LEXIS 151844 DAVIS v. Williams Aug. 28, 2023.

  Again Cooney did not understand the Plea Agreement. The Court rules that A lawyer's failure to raise frivolous arguments does not support an ineffective assistance claim. However, the record and facts demonstrate that this issue is not frivolous. This is an issue that is not frivolous as outlined in the original filing. This case is about the advice that Cooney recieved from counsel regarding not showing him his Discovery, not taking fingerprints, not investigating the facts and not getting Cooney Evaluated by A psychologist or Educational Professional. To see in fact if he has these

8

learning disability. Cleary, this violates the Defendant's Constitutional Rights Pursuant to the 5th, 6th, 8th and 14th Amendments. The Purpose of the Sixth Amendment guarantee of Counsel to ensure that defendants have "effective" assistance of counsel that is the "assistance necessary to justify reliance on the outcome of the proceeding." Strickland @ 691-92. The Supreme Court has further said as mentioned above that a defendant, "requires the guiding hand of counsel at every step in the proceedings against him." Powell @ 69, supra.

    Cooney did not have that guiding hand during the most "critical stages" of the criminal process, nor did he have counsel to advocate his cause. As a result of counsel's deficient performance Cooney was deprived of his Due Process Rights, which is cruel and unusual punishment because the lawyer took advantage of him because of his developmental defiencies. Cooney, should be treated equally as defendant's who have these learning and understanding

9

disabilities, Pursuant to the Equal Protection Clause under the 14th Amend.

Furthermore the court states that if the U.S.S.G § 2K2.1(b)(4) were retroactive, the enhancement still would apply to this case and his Guidelines would remain the same. The defendant contends that the New Amendment is a intervening change of Law and that it should apply because he never was afforded the Right to the "Naked eye test" under § 2K2.1(b)(4). In fact he was never afforded to see his discovery nor was he afforded his proceedural rights. Cooney, was given an four level enhancement for a case that got dismissed and uncharged conduct. Further if the firearms serial numbers are legible A Four level enhancement will be taken off and the guideline will in fact change from base level 29 to base level 25.

Mr. Cooney, Respectfully request the The Honorable Billy Roy Wilson, Grants him (1) an evidentiary hearing for the "Naked eye test, and

② A leave to Amend within 180 days Due to the ongoing evaluation to Cooneys dyslexia and other cognitive disabilities. OR if the court may order it's own evaluation and transfer Cooney to the proper facilities that the F.B.O.P. has for the mental impaired inmates.

  I, Lewis Cooney, hereby under the law of Perjury state that everything stated in this Motion is true to the best of my knowledge.

Respectfully,

_____

_____

Date: _____

11